IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE CRAVER,

               Plaintiff,                No. 2: 11-cv-1344 MCE KJN P

     vs.

J. HASTY, et al.,                   ORDER AND

               Defendants.        FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss for failure to exhaust administrative remedies filed September 23, 2011.  After carefully reviewing the record, the undersigned recommends that defendants' motion be denied.

        On October 13, 2011, plaintiff filed a motion to compel defendants to serve him with the motion to dismiss.  On October 17, 2011, defendants filed proof of service of the motion to dismiss on plaintiff.  On October 17, 2011, plaintiff filed his opposition.  Accordingly, plaintiff's motion to compel is denied as unnecessary.

////

////

II.  Legal Standard

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Booth, 532 U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money."  Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

However, a prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the

relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2010). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. at § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Moreover, the court may look beyond the pleadings to determine whether a plaintiff exhausted his administrative remedies. Id. at 1119-20.

Although exhaustion is mandatory, an inmate must only exhaust administrative remedies "as are available." 42 U.S.C. § 1997e(a). Under the Ninth Circuit law, exhaustion is

1  excused when improper screening of grievances occurs.  Sapp v. Kimbrell, 623 F.3d 813, 822

2  (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)).  Sapp establishes

3  that "improper screening of an inmate's administrative grievances renders administrative

4  remedies 'effectively unavailable' such that exhaustion is not required under [§ 1997e(a)]."  Id.

5  at 823.  If prison officials screen out an inmate's grievances or appeals for improper reasons, the

6  inmate cannot pursue the necessary administrative process, and, consequently, his administrative

7  remedies become "unavailable."  Id.

8  III.  Background

9          This action is proceeding on the original complaint filed May 18, 2011 as to

10  defendants Hasty and Rayner.  Plaintiff alleges that on February 1, 2011, he was in his cell at

11  High Desert State Prison ("HDSP").  Plaintiff shared the cell with inmate Dicey.  Defendants

12  Hasty and Rayner appeared at the cell door and yelled, "t-shirts, shower shoes and boxers!"  This

13  signaled that a "raid" was about to occur.  The cell water and electricity were turned off.

14          Plaintiff then approached the food portal.  Inmate Dicey walked to the back of the

15  cell and placed his toothbrush and toothpaste on a shelf.  Defendant Rayner yelled at Dicey to get

16  away from the shelf.  Dicey told defendant Rayner that he was putting his toothbrush and

17  toothpaste away.  Defendant Rayner then began yelling profanities at Dicey, to which Dicey

18  responded.  Defendant Rayner stated that he was going to tear up the cell and destroy their

19  personal property.  Dicey told defendant Rayner that he had to urinate, and walked to the toilet.

20          Plaintiff stepped back to allow Dicey to get to the toilet.  Defendant Rayner was

21  now mad that he had to search a cell with urine in the toilet.  Defendant Hasty ordered plaintiff to

22  come to the tray slot, strip out and cuff up.  Plaintiff began to comply with this order.

23          Dicey began urinating in front of defendant Rayner.  Defendant Rayner became

24  extremely upset and yelled, "Oh, you're going to disrespect me like that motherfucker!"

25  Defendant Rayner then took out his pepper spray cannister and began spraying into plaintiff's

26  and Dicey's faces.  Plaintiff backed up, yelling in pain.  Plaintiff's lungs became inflamed and he

1   had an asthma attack.  Plaintiff then noticed that defendant Hasty was also spraying pepper spray

2   into the cell.

3            Plaintiff was taken to a holding cell where he was held naked for four hours.

4   During this time, plaintiff continued to vomit, shake, cough and his skin, eyes and face burned.

5   IV.  Analysis

6            In the complaint, plaintiff alleges that he exhausted administrative remedies.  In

7   support of this claim, plaintiff refers to his exhibit B-1 which is an inmate appeal signed by

8   plaintiff on February 2, 2011, which addresses the incident alleged in the complaint.  (Dkt. 1 at

9   15.)  As relief, plaintiff sought an immediate transfer to Lancaster Prison and money damages.

10  (Id.)  This appeal does not contain any notation by prison officials.  (Id.)  Attached as plaintiff's

11  Exhibit D-1 is an Inmate Request for an Interview Form signed by plaintiff on February 9, 2011.

12  (Id. at 20.)  In this form, plaintiff states that on February 2, 2011, he filed an inmate grievance

13  regarding the incident alleged in the complaint but had heard nothing back.  (Id.)  The form

14  contains no notation by prison officials.

15           Attached to plaintiff's complaint as Exhibit D-2 is an Inmate Request for an

16  Interview Form dated by plaintiff on February 16, 2011.  (Id. at 21. )  In this form, plaintiff again

17  states that his inmate grievance submitted on February 2, 2011 had not been responded to.  (Id.)

18  The form contains no notation by prison officials.

19           Attached to plaintiff's complaint as Exhibit D-3 is an Inmate Request for an

20  Interview Form dated by plaintiff on February 20, 2011.  (Id. at 22.)  In this form, plaintiff again

21  states that his inmate grievance submitted on February 2, 2011, had not been responded to.  (Id.

22  at 22.)  This form contains no notation by prison officials.

23           Defendants argue that plaintiff failed to exhaust administrative remedies.  In

24  support of this motion, defendants submitted the declaration of D. Clark, the Appeals

25  Coordinator at HDSP.  According to D. Clark, the Appeals Office did not receive an appeal

26  regarding plaintiff's allegations of excessive force against defendants Raynor and Carver until

1  February 23, 2011. (Dkt. No. 22-2 at 3 of 13.)  On that date, the appeal was processed and

2  forwarded to the Hiring Authority at HDSP to determine if it should be converted to a staff

3  complaint.  (Id.)  On February 24, 2011, the appeal was returned to the Appeals Office because

4  the Hiring Authority determined that it should be processed as a general appeal.  (Id.)

5          D. Clark states that plaintiff's appeal, originally submitted on February 23, 2011,

6  was screened out on February 24, 2011, by the Appeals Office pursuant to California Code of

7  Regulations, Title 15, § 3084.6(b)(2).  (Id.)  D. Clark states that section 3084.6(b)(2) requires that

8  an appeal be screened out if the appellant has failed to demonstrate a material adverse affect on

9  his or her welfare as defined in subsection 3084(c).  (Id.)  D. Clark states that though the Appeals

10  Office did not retain a copy of plaintiff's screened out appeal, based upon its rejection criteria,

11  the appeal must not have alleged that plaintiff had been harmed at all.  (Id.)

12          D. Clark also states that she reviewed the exhibits attached to plaintiff's complaint

13  which he claims demonstrate proof of exhaustion.  (Id.)  Plaintiff claims to have filed an

14  administrative appeal regarding the incidents alleged in the complaint on February 2, 2011.  (Id.)

15  D. Clark states that the Appeals Office did not receive this appeal.  (Id.)  D. Clark states that

16  when an appeal is received, it is immediately stamped and dated, and if it is not screened out, it is

17  provided a log number.  (Id.)  D. Clark states that the appeal attached to plaintiff's complaint is

18  not stamped or dated, and it does not have a log number.  (Id.)

19          D. Clark further states that she has reviewed the exhibits attached to the complaint

20  which are Inmate Requests for Interviews.  (Id. at 4.)  D. Clark states that when Inmate Requests

21  for Interviews are received by the Appeals Office, the date of receipt is immediately entered onto

22  the document under the section titled "Received By."  (Id.)  A copy of the form is provided to the

23  inmate.  (Id.)  D. Clark states that the Inmate Request for Interview forms submitted by plaintiff

24  are not stamped or dated.  (Id.)

25          In his opposition, plaintiff claims that defendants have misrepresented his appeals.

26  Attached as exhibit A-3 to plaintiff opposition is a copy of plaintiff's February 20, 2011 Inmate

1   Request for Interview Form.  (Dkt. No. 27 at 10.)  In this form, plaintiff states that on February 2,

2   2011, he submitted an appeal regarding the incident alleged in the complaint but heard no

3   response.  (Id.)  This form contains a notation by prison officials, unlike the form submitted as an

4   exhibit to the complaint.  In the section of the form titled "Staff Response," P. Statti wrote,

5   "Your staff complaint appeal was received by the appeals' office."  (Id.)  This response is dated

6   February 25, 2011.  (Id.)

7           Plaintiff also argues that the grievance returned to him for not alleging an adverse

8   effect concerned double celling rather than the incident alleged in the complaint.  Attached as an

9   exhibit to the opposition is a copy of an Inmate Appeal Screening Form dated February 24, 2011,

10   by P. Statti.  (Id. at 12.)  Although the form does not describe the grounds of the appeal it

11   addresses, it states that plaintiff's appeal was returned because it alleged no adverse effect.  (Id.)

12   P. Statti also handwrote on the form, "This has been determined by the Hiring Authority not to be

13   a staff complaint."  (Id.)

14           Attached to plaintiff's opposition as exhibit B-2 is a copy of the grievance

15   plaintiff claims was screened out for not alleging an adverse effect.  This grievance was signed

16   by plaintiff on February 21, 2011.  (Id. at 13.)  In this grievance, plaintiff describes the incident

17   on which the instant action is based.  (Id.)  As relief, plaintiff requests permanent single cell

18   status and money.  (Id.)  This grievance contains notations on the bottom stating "2/23/11 – to

19   CDW, 2-24-11 – not S/C."  Based on these notations, it appears likely that this was the grievance

20   screened out for failing to allege an adverse effect.  According to J. Hasty, the Appeals Office

21   received the screened-out appeal on February 23, 2011, and on February 24, 2011, the Hiring

22   Authority determined that it was not a staff complaint.

23           In their reply, defendants attach the declaration of P. Statti.  In this response, P.

24   Statti states that in her February 25, 2011 response to plaintiff's February 20, 2011 Inmate

25   Request for an Interview, she was not referring to an appeal received on February 2, 2011.  (Dkt.

26   No. 29 at 3.)  P. Statti states that she was referring to plaintiff's appeal submitted on February 23,

7

1   2011.  It is unclear to the undersigned how P. Statti is able to determine approximately eight

2   months later to which appeal she was referring in that form.

3           Turning to the merits of defendants' motion to dismiss, defendants argue that

4   plaintiff failed to exhaust administrative remedies because the grievance he filed on February 23,

5   2011, regarding defendants' alleged use of excessive force was screened out for failing to

6   demonstrate a material adverse effect on plaintiff's welfare.

7           California Code of Regulations, Title 15, section 3084(c) defines "material

8   adverse effect" as,

9               a harm or injury that is measurable or demonstrable, or the
                reasonable likelihood of such harm or injury.  In either case, the
10              harm or injury must be due to any policy, decision, action,
                condition, or omission by the department or its staff.
11

12          It is difficult to imagine how plaintiff could discuss his allegations regarding

13  defendants without alleging a material adverse effect.  The grounds of plaintiff's claim against

14  defendants are that they used excessive force by improperly spraying plaintiff with pepper spray.

15  Plaintiff's February 21, 2011 grievance, which appears to be the screened out grievance, states

16  that defendants sprayed him with two canisters of pepper spray, which placed plaintiff's life in

17  danger.  (Dkt. No. 27 at 13.)  Plaintiff goes on to state that he has asthma.  (Id.)

18          For the reasons set forth above the undersigned finds that defendants' claim that

19  the screened out grievance, filed on or around February 21, 2011, did not allege an adverse effect

20  is not supported by the record.  Based on this finding, the undersigned need not further address

21  the issue of whether plaintiff filed a grievance on February 2, 2011.

22          Accordingly, the undersigned finds that plaintiff's grievance, filed on or around

23  February 21, 2011, was improperly screened out for failing to allege an adverse effect.  Plaintiff's

24  exhaustion of administrative remedies is excused and defendants' motion to dismiss should be

25  denied.  See Sapp v. Kimbrell, supra.

26  ////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Dkt.

2  No. 25) is denied; and

3    IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Dkt. No.

4  22) be denied.

5    These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

7  one days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

10  objections shall be filed and served within fourteen days after service of the objections.  The

11  parties are advised that failure to file objections within the specified time may waive the right to

12  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED:  January 18, 2012

14

15

16  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

17  cr1344.mtd

18

19

20

21

22

23

24

25

26