1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANDRE CRAVER,                              No.  2:11-cv-1344 TJN KJN P

12               Plaintiff,

13         v.                                    ORDER

14    J. HASTY, et al.,

15               Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

18    Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel

19    to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490

20    U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to

21    voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23    When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

24    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

25    se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

26    (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

27    burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

28    common to most prisoners, such as lack of legal education and limited law library access, do not

1  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

2      Plaintiff alleges that he cannot represent himself because he is being treated for mental

3  illness.  According to the motion and attached exhibits, plaintiff has been prescribed

4  antidepressants.  Plaintiff also alleges that he is taking narcotic pain medication.

5      Plaintiff has competently represented himself in this action.   The jury trial in this case is

6  set for February 24, 2014.  It is not clear that plaintiff's current medical and mental health

7  problems will persist through the time of trial.  Having considered the factors under Palmer, the

8  court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances

9  warranting the appointment of counsel at this time.

10     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the

11  appointment of counsel (ECF No. 69) is denied without prejudice.

12  Dated:  July 19, 2013

13

14  _____
    KENDALL J. NEWMAN
15  UNITED STATES MAGISTRATE JUDGE

16  crav1344.31.kjn

17

18

19

20

21

22

23

24

25

26

27

28

2