UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER, | No. 2: 11-cv-1344 TLN KJN P |
| Plaintiff, | ORDER AND |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. HASTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's September 30, 2013 motion for "immediate federal protection," which the undersigned construes as a motion for injunctive relief. For the following reasons, the undersigned recommends that plaintiff's motion be denied.

Discussion

This action proceeds on plaintiff's claim that on February 2, 2011, while he was housed at High Desert State Prison ("HDSP"), defendants Rayner and Hasty used excessive force in violation of the Eighth Amendment when they sprayed O.C. spray into plaintiff's cell during a cell search.  This action is set for trial on February 24, 2014 before the Honorable Troy L. Nunley.

////

////

1

1    Plaintiff is now housed at California State Prison-Lancaster ("Lancaster"). In the pending
2    motion, plaintiff alleges that he is homicidal and is hearing voices telling him to defend his life.
3    (ECF 74 at 2.) Plaintiff alleges that on September 24, 2013, he went before the Prison
4    Classification Committee. (Id.) Plaintiff alleges that committee member Facility Captain "Ppfer"
5    looked over the February 1, 2011 incident report, apparently referring to the incident on which
6    this action is based, and stated, "Fuck you, fuck your life, you wanna sue cops I don't care if you
7    die. Put somebody in his cell so he can kill his fucking ass!" (Id.) Plaintiff alleges that he is in
8    imminent danger based on the comments made by the Facility Captain at the September 24, 2013
9    Classification Committee hearing. Plaintiff requests that he be removed from Lancaster.

10    No defendants are located at Lancaster. Usually persons or entities not parties to an action
11    are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395
12    U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the
13    court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs
14    "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of
15    law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United
16    States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court
17    plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the
18    exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d
19    1283, 1289 (9th Cir. 1979).

20    On October 9, 2013, the undersigned issued an order stating that the court was concerned
21    that it may lose jurisdiction if plaintiff was in imminent danger as alleged in the pending motion.
22    (ECF No. 76.) Pursuant to the All Writs Act, the undersigned ordered the Warden of Lancaster to
23    file a status report addressing plaintiff's allegations regarding the alleged imminent threat to his
24    safety. (Id.)

25    On October 15, 2013, the Warden of Lancaster filed a status report addressing plaintiff's
26    safety concerns. (ECF No. 77.) Attached to the status report is the declaration of A. Pfeil, the
27    Chairperson of plaintiff's Classification Committee who plaintiff alleges made the threatening
28    comments. (ECF No. 77-1.) A. Pfeil states that at no time during the hearing did he use

obscenities toward plaintiff, threaten to place another inmate in plaintiff's cell to harm him, or refer to any of plaintiff's prior litigation against correctional staff. (Id. at 2.) A. Pfeil also states that he does not have access to plaintiff's litigation history and had no knowledge of plaintiff's litigation history at the time of the hearing. (Id.)

Also attached to the Warden's status report is the declaration of M. Soto, a Correctional Counselor at Lancaster. (ECF at 77-2.) M. Soto was present at the Classification Committee hearing where plaintiff alleges the threatening comments were made. (Id. at 1.) M. Soto states that he does not recall A. Pfeil using obscenities toward plaintiff during the hearing or making threats to place someone in plaintiff's cell who could harm him. (Id. at 2.)

Also attached to the Warden's status report is the declaration of T. Tang, a Clinical Social Worker at Lancaster. (ECF No. 77-3.) T. Tang states that at the request of the Attorney General's Office, on October 10, 2013, he conducted a mental health evaluation of plaintiff regarding his prior statements that he had homicidal thoughts and was hearing voices telling him to defend his life. (Id. at 1.) T. Tang states that during this evaluation, plaintiff reported no current auditory hallucinations and T. Tang did not observe plaintiff having auditory hallucinations. (Id. at 2.) T. Tang also states that plaintiff denied any current homicidal or suicidal ideations. (Id.) T. Tang states that during the mental health evaluation, plaintiff reiterated that he wanted to be on single cell status because of a prior incident in which his cellmate had a verbal altercation with staff at a different correctional institution and was pepper sprayed while both inmates were in the cell. (Id.)

Also attached to the Warden's status report is the declaration of Lancaster Litigation Coordinator N. Wilcox. (ECF No. 77-4.) N. Wilcox states that A. Pfeil does not have access to litigation records for plaintiff and at no time had he (N. Wilcox) provided A. Pfeil access to plaintiff's litigation records. (Id. at 2.) N. Wilcox states that on October 3, 2013, Correctional Sergeant Priest interviewed plaintiff regarding his safety concerns. (Id.) Attached to N. Wilcox's declaration is a copy of a 128-B General Chrono signed by plaintiff and Sergeant Priest and dated October 3, 2013. (Id.) This chrono states that plaintiff told Sergeant Priest that he does not have any safety concerns or owe any money and that he can remain housed on Facility D, but he is

1 | requesting a single cell.  (Id. at 4.)

2 | After reviewing the Warden's status report, and attached documents, the undersigned finds that injunctive relief pursuant to the All Writs Act is not warranted.  The investigation into plaintiff's claims does not support plaintiff's allegations that the threatening statements were made.  More importantly, plaintiff signed a chrono on or around October 3, 2013 stating that he does not have any safety concerns and that he can remain on Facility D.  For these reasons, the undersigned recommends that plaintiff's September 30, 2013 motion for immediate federal protection requesting a transfer away from Lancaster, construed as a motion for injunctive relief, be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a copy of these findings and recommendation on the Warden of California State Prison-Lancaster, P.O. Box 4430, Lancaster, California, 93539; and on Deputy Attorney General Aldo S. Zilli;

IT IS HEREBY RECOMMENDED that plaintiff's motion for immediate federal protection (ECF No. 74), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cr1344.pi