UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER, | No. 2:11-cv-1344 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. HASTY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. In this action, Plaintiff alleges that on February 2, 2011, while he was housed at High Desert State Prison ("HDSP"), Defendants Rayner and Hasty used excessive force in violation of the Eighth Amendment when they sprayed O.C. spray into Plaintiff's cell. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 30, 2013, Plaintiff filed a motion for "immediate federal protection." (ECF No. 74.) Plaintiff is no longer housed at HDSP; he is now housed at California State Prison-Lancaster ("Lancaster"), a prison located within the Central District of California. In his motion, Plaintiff alleges that on September 24, 2013, Captain Pfeil, a non-party to this action, made threatening statements to Plaintiff at a Classification Committee Hearing. In particular, Plaintiff alleges Captain Pfeil threatened to have an inmate put in Plaintiff's cell to attack Plaintiff in

1

retaliation for Plaintiff's litigation of the instant action.

On October 15, 2013, prompted by an order of this Court, the warden of Lancaster filed a status report and several supporting declarations addressing Plaintiff's safety concerns. (ECF No. 77.) Accordingly, on October 17, 2013, the Magistrate Judge recommended that Plaintiff's motion be construed as a motion for injunctive relief and be denied. (ECF No. 78.) Plaintiff then filed objections to the findings and recommendations. (ECF No. 79.)

Furthermore, on December 5, 2013, Plaintiff filed another motion for "immediate federal protection." (ECF No. 82.) In this motion, Plaintiff alleges that on November 7, 2013, he filled out a form requesting an interview with staff regarding his single-cell status. Plaintiff alleges that on November 25, 2013, L. Spring came to Plaintiff's cell with the form and stated that she was going to throw it in the garbage. When Plaintiff tried to explain, L. Spring allegedly stated, "Fuck you, you wanna sue cops." One hour later, Plaintiff was taken to medical intake for a psychiatric evaluation. After being released, Plaintiff alleges that L. Spring falsely accused him of making threatening statements to her, as a result of which Plaintiff was placed in administrative segregation. Plaintiff alleges that L. Spring acted in retaliation for plaintiff's pursuit of the instant action. Plaintiff alleges that if this court does not intervene, he will have to commit suicide.

Consistent with Federal Rule of Civil Procedure 72, the undersigned has reviewed the Magistrate Judge's findings and recommendations with respect to Plaintiff's motion for immediate federal protection. (ECF No. 74.) As noted in the Magistrate Judge's findings and recommendations, no Defendants are located at Lancaster, and all of the allegations in Plaintiff's motion concern non-defendants. Therefore, generally speaking, the Court does not have the power to order injunctive relief against these non-parties. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110–111 (1969). Although the All Writs Act, 28 U.S.C. § 1651(a), provides a limited exception to this rule, injunctive relief pursuant to the All Writs Act is not warranted here. The investigation into Plaintiff's claims does not support Plaintiff's allegations that the threatening statements were made.

The Court also construes Plaintiff's second motion for federal protection (ECF No. 82) as a motion for injunctive relief and denies that motion. Plaintiff's motion alleges ongoing

retaliatory action by officers in Lancaster. As such, it suffers from the same defects as Plaintiff's first motion with respect to the identity and location of the officers. To the extent that Plaintiff alleges ongoing retaliatory action by officers in Lancaster, those allegations should be raised in a civil rights complaint filed in the United States District Court for the Central District of California. Furthermore, Plaintiff has still not demonstrated any justification for invocation of the the All Writs Act, 28 U.S.C. § 1651(a).

The Court directs the Clerk of the Court to serve Supervising Deputy Attorney General Monica Anderson with Plaintiff's December 5, 2013, motion due to concerns regarding plaintiff's mental health status.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for immediate federal protection (ECF No. 74), construed as a motion for injunctive relief, is denied;

2. Plaintiff's motion for immediate federal protection (ECF No. 82), construed as a motion for injunctive relief, is denied;

3. The Clerk of the Court is directed to serve this order and a copy of Plaintiff's motion for immediate federal protection (ECF No. 82) on Supervising Deputy Attorney General Monica Anderson.

Dated: December 27, 2013

Troy L. Nunley
United States District Judge

/crav1344.805