UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HASTY, et al.,<br><br>    Defendants. | No. 2: 11-cv-1344 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial before the Honorable Troy L. Nunley on September 28, 2015.

Pending before the court is plaintiff's June 18, 2014 motion for federal protection. (ECF No. 108.) Plaintiff, who is currently housed at California State Prison-Lancaster ("Lancaster") alleges that Correctional Officer Polwart placed a "hit" on plaintiff by telling the inmate general population that plaintiff is a snitch. Plaintiff alleges that Correctional Officer Polwart paid six inmates, with chewing tobacco and cell phones, to stab and beat plaintiff. Plaintiff identifies four of these inmates by name and number. Plaintiff alleges that the "hit" was taken out in retaliation for plaintiff's pursuit of the instant action.

Plaintiff alleges that he is currently housed in the prison medical hospital on suicide watch. Plaintiff alleges that he was placed on suicide watch as an emergency method to remove

1

him from the general population for safety reasons.

No defendants are located at Lancaster.  Usually, persons or entities not parties to an action are not subject to orders for injunctive relief.  <u>Zenith v. Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).  However, the fact that one is not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary and appropriate in aid of their jurisdiction and agreeable to the usages and principles of law."  <u>See</u> <u>generally</u> <u>S.E.C. v. G.C. George Securities, Inc.</u>, 637 F.2d 685 (9th Cir. 1981); <u>United States v. New York Telephone Co.</u>, 434 U.S. 159 (1977).  This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court has previously directed the Warden of Lancaster to respond to a request for emergency injunctive relief filed by plaintiff.  (ECF No. 76).  In that motion, plaintiff alleged that Facility Captain Pfeil made comments at a classification committee hearing suggesting that he would place an inmate in plaintiff's cell who would kill plaintiff.  (ECF No. 74.)  After reviewing the Warden's response (ECF No. 77), the undersigned recommended that plaintiff's motion for emergency injunctive relief be denied.  (ECF No. 78.)  On December 30, 2013, the Honorable Troy L. Nunley adopted the findings and recommendations.  (ECF No. 87.)

The court is concerned that it may lose jurisdiction of this action if plaintiff is unable to prosecute this action due to harassment by prison officials at Lancaster.  Due to the serious nature of plaintiff's claims in his pending motion, the Warden of Lancaster is directed to file a status report addressing these claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days of the date of this order, the Warden of Lancaster shall file a status report addressing the claims in plaintiff's pending motion for federal protection;
2. The Clerk of the Court is directed to serve a copy of this order and plaintiff's motion for federal protection (ECF No. 108) on the Warden of Lancaster, California State Prison-Lancaster. P.O. Box 4430, Lancaster, California, 93539-4430;

3. The Clerk of the Court is directed to serve a copy of this order and plaintiff's motion for federal protection (ECF No. 108) on Supervising Deputy Attorney General Monica Anderson.

Dated: June 24, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cr1344.alw