UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER, | No. 2: 11-cv-1344 TLN KJN P |
| Plaintiff, | ORDER AND |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. HASTY, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial before the Honorable Troy L. Nunley on September 28, 2015. Pending before the court is plaintiff's June 18, 2014 motion for federal protection. (ECF No. 108.) For the following reasons, the undersigned recommends that this motion be denied.

Plaintiff's Motion

    Plaintiff, who is currently housed at California State Prison-Lancaster ("Lancaster"), alleges that on June 9, 2014, Correctional Officer Polwart placed a "hit" on plaintiff by telling the inmate general population that plaintiff is a snitch. Plaintiff alleges that Correctional Officer Polwart paid six inmates, with chewing tobacco and cell phones, to stab and beat plaintiff. In his motion, plaintiff identifies four of these inmates by name and number. Plaintiff alleges that the

1  "hit" was taken in retaliation for plaintiff's pursuit of the instant action.

2        Plaintiff alleges that he is currently housed in the prison medical hospital on suicide

3  watch. Plaintiff alleges that he was placed on suicide watch as an emergency method to remove

4  him from the general public.

5        The undersigned construes plaintiff's pending motion as a motion for injunctive relief.

6  Legal Standards

7        No defendants are located at Lancaster. Usually persons or entities not parties to an action

8  are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395

9  U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the

10 court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs

11 "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of

12 law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United

13 States v. New York Telephone, 434 U.S. 159 (1977). This section does not grant the court

14 plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the

15 exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d

16 1283, 1289 (9th Cir. 1979.)

17 Discussion

18       On June 25, 2015, the undersigned directed the Warden of Lancaster to file a status report

19 addressing plaintiff's claims in his pending motion. (ECF No. 109.) On July 2, 2014, the

20 Warden filed a status report. (ECF No. 113.)

21       The Warden has provided the declaration of Officer Polwart who states that he was not

22 working on June 9, 2014, i.e., the date plaintiff alleges he placed the "hit." (ECF No. 113-2 at 2.)

23 Officer Polwart states that he is currently assigned to Building 3 of Delta Yard. (Id.) Plaintiff is

24 not housed in Building 3, and was not housed in Building 3 at the time of the allegations. (Id.)

25 Officer Polwart states that plaintiff has never approached him on the yard. (Id.)

26       Officer Polwart further states that he cannot recall his last interaction with plaintiff. (Id.)

27 Officer Polwart may have interacted with plaintiff when he was housed in Building 5 sometime in

28 2013 when Officer Polwart was assigned as a Control Booth Officer there until January 2014.

1  (Id.)  Officer Polwart states that he did not place a hit on plaintiff or inform other inmates that
2  plaintiff is a snitch.  (Id. at 1.)

3  The Warden has also filed the declaration of Dr. Jordan, a clinical psychologist at
4  Lancaster.  (ECF No. 113-1.)  Dr. Jordan states that on June 11, 2014, plaintiff told her that a
5  correctional officer had placed a hit on him and told other inmates that he was a snitch.  (Id. at 2.)
6  However, Dr. Jordan was not able to obtain any information to substantiate these allegations, as
7  they were based solely on plaintiff's own statements.  (Id.)  Dr. Jordan states that during this
8  clinical contact, plaintiff was non-responsive, disrespectful and hostile.  (Id.)  Dr. Jordan made
9  several attempts to calm plaintiff down and de-escalate the situation so that plaintiff could further
10  discuss his allegations and so that she could help him to develop a plan to address them.  (Id.)
11  Plaintiff did not change his demeanor and eventually refused to speak altogether.  (Id.)

12  Dr. Jordan states that on June 11, 2014, plaintiff made specific threats to seriously harm
13  correctional staff.  (Id.)  The threats were serious and specific enough to trigger Dr. Jordan's duty
14  to warn and, on June 11, 2014, Dr. Jordan prepared a Duty to Protect Confidential Chrono
15  advising of plaintiff's threats of harm.  (Id.)  Based on Dr. Jordan's interactions with plaintiff on
16  June 11, 2014, Dr. Jordan concluded that plaintiff did not appear to be in any imminent danger
17  from correctional staff.  (Id.)  To the contrary, plaintiff's serious and specific threats created a
18  potential danger to staff.  (Id.)

19  The Warden also filed a declaration by N. Wilcox, a Litigation Coordinator at Lancaster.
20  (ECF No. 113-3.)  N. Wilcox states that on June 11, 2013, plaintiff was issued a Rules Violation
21  Report based on his threatening staff and specifically threatening to stab Correctional Officer
22  Geiwitz.  (Id. at 1-2.)  On June 11, 2013, plaintiff was placed in Administrative Segregation, but
23  was subsequently placed in a Mental Health Crisis Bed until June 20, 2014.  (Id. at 2.)  On June
24  20, 2014, plaintiff was returned to Administrative Segregation.  (Id.)  Plaintiff was transferred to
25  Administrative Segregation due to his threats against staff and the resulting Rules Violation
26  Report.  (Id.)
27  ////
28  ////

Discussion

After reviewing the Warden's status report, and attached documents, the undersigned finds that injunctive relief pursuant to the All Writs Act is not warranted. The declarations attached to the Warden's status report do not support plaintiff's claim that Officer Polwart placed a "hit" on him. The documents attached to the Warden's status report indicate that plaintiff is not in danger. For these reasons, the undersigned recommends that plaintiff's June 18, 2014 motion for federal protection, construed as a motion for injunctive relief, be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a copy of these findings and recommendations on the Warden of California State Prison-Lancaster, P.O. Box 4430, Lancaster, California, 93539; and on Deputy Attorney General Aldo S. Zilli; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for federal protection (ECF No. 108), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 10, 2014

Cr1344.inj

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE