UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER,<br><br>        Plaintiff,<br><br>   v.<br><br>J. HASTY, et al.,<br><br>        Defendants. | No. 2: 11-cv-1344 TLN KJN P<br><br><br><u>ORDER</u> |

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. In this action, plaintiff alleges that defendants violated his constitutional rights by spraying him with pepper spray.

     This action is set for jury trial before the Honorable Troy L. Nunley on September 28, 2015. Several motions are pending before the court.

<u>Plaintiff's Motion to Allow Declaration of Nurse Pearsal (ECF No. 104), Plaintiff's Motion for Defendants to Provide Written Testimony of Nurse Reynolds (ECF No. 107), and Plaintiff's Motion for Sanctions (ECF No. 120)</u>

     Because the three motions listed above are related, they are discussed together herein.

     In his motion to allow the declaration of Nurse Pearsal, plaintiff requests that he be permitted to add the declaration of Nurse Pearsal to his exhibit list. (ECF No. 104.) Defendants submitted Nurse Pearsal's declaration in support of their summary judgment motion. In this

1  declaration, Nurse Pearsal states that she examined plaintiff after the incident wherein he was
2  exposed to pepper spray.  (Id. at 11.)  Nurse Pearsal states that during the examination, plaintiff
3  did not complain of any pain or injury.  (Id.)  Plaintiff had no injuries other than signs of pepper
4  spray exposure.  (Id.)

5  Plaintiff alleges that Nurse Pearsal is not named as a defense witness.  Plaintiff alleges
6  that defendants have instead named Nurse Reynolds as a witness.  Plaintiff requests that he be
7  allowed to add Nurse Pearsal's declaration as an exhibit because, by failing to name Nurse
8  Pearsal as a witness, defendants are engaging in a cover-up.

9  Also pending is plaintiff's motion requesting that defendants be ordered to provide him
10 with the written testimony of Nurse Reynolds prior to trial.  (ECF No. 107.)  Plaintiff alleges that
11 Nurse Reynolds has not previously been mentioned in this litigation.

12 In his motion for sanctions, plaintiff requests that defense counsel be sanctioned for
13 attempting to introduce perjured testimony.  (ECF No. 120.)  Plaintiff alleges that Nurse Pearsal
14 and defense counsel drafted a perjured declaration submitted in support of defendants' summary
15 judgment motion.  Plaintiff argues that the declaration must be false because Nurse Pearsal is not
16 named as a witness by defendants.

17 Defendants did not file an opposition to plaintiff's motion to allow the declaration of
18 Nurse Pearsal.  However, defendants did file an opposition to plaintiff's motion requesting that he
19 be provided with the written testimony of Nurse Reynolds.  (ECF No. 112.)  In their opposition,
20 defendants state that they are aware of no authority that requires them to provide a witness's
21 written testimony to the opposing party prior to trial.  Defendants also observe that to the extent
22 plaintiff seeks an offer proof, he had the opportunity to file objections to defendants' pretrial
23 statement, filed November 22, 2013, and the pretrial order, filed January 10, 2014.

24 Defendants also observe that Nurse Reynolds has been previously mentioned in this case.
25 Attached as an exhibit to plaintiff's complaint is a medical report prepared by Nurse Reynolds
26 regarding her examination of plaintiff following the pepper spray incident.  (ECF No. 1 at 35.)  In
27 this report, Nurse Reynolds states that plaintiff had "no comment" regarding the incident.  (Id.)
28 The report also indicates that plaintiff suffered from exposure to pepper spray and had no other

1 injuries. (Id.) The report also states that Nurse Pearsal was the nurse initially notified regarding
2 the incident. (Id.) In his opposition to defendants' summary judgment motion, plaintiff alleged
3 that Nurse Reynolds examined him after the incident. (ECF No. 51 at 6.)

4       Defendants filed an opposition to plaintiff's motion for sanctions. (ECF No. 121.) In their
5 opposition, defendants state that although Nurse Pearsal prepared the declaration for the summary
6 judgment motion, she is no longer available to testify at trial because she is deceased.

7       Plaintiff's claim that Nurse Pearsal's declaration contained perjury and that defendants are
8 attempting to mislead plaintiff and the court by failing to name her as a witness is not supported
9 by the record. As noted by defendants, plaintiff himself submitted evidence demonstrating his
10 awareness of both Nurse Pearsal and Nurse Reynolds in his treatment after the incident. The
11 reason defendants did not name Nurse Pearsal as a witness is that she is now deceased.
12 Moreover, it is clear from the exhibits that Nurse Reynold's report of her examination of plaintiff
13 contains the same information as Nurse Pearsal's declaration, i.e., plaintiff had no comment and
14 had no injuries other than exposure to pepper spray. For these reasons, plaintiff's motions for
15 sanctions and to add Nurse Pearsal's declaration as an exhibit are denied.

16       The undersigned is also not aware of any authority that would authorize the court to
17 require defendants to provide plaintiff with a declaration by Nurse Reynolds containing her trial
18 testimony. For this reason, plaintiff's motion for Nurse Reynold's declaration is denied.

19 <u>Plaintiff's Motion for Witnesses to Appear Telephonically (ECF No. 105)</u>

20       Plaintiff requests that he be permitted to call four witnesses telephonically in a "summary
21 trial" proceeding outside of trial: T. Jackson, J. Passwaters, M. Murchison and T. Dillard.
22 Plaintiff alleges that these four witnesses will testify that they heard the emergency command
23 "man down" called once after the incident. Plaintiff alleges that these four witnesses will testify
24 regarding what they observed after responding to plaintiff's cell, where he was pepper sprayed.

25       In their opposition to this motion, defendants argue that there is no legal basis for the
26 bench trial plaintiff requests as to these witnesses. (ECF No. 111.)

27       There is no authority for plaintiff's request for a separate hearing prior to trial to take the
28 testimony of these witnesses. In any event, T. Jackson, J. Passwaters, M. Murchison and T.

Dillard are named as defense witnesses in the pretrial order. (ECF No. 90.) The pretrial order also states that each party may call any witnesses designated by the other. (Id.) Therefore, plaintiff may examine these witnesses at trial. For these reasons, plaintiff's motion for witnesses to appear telephonically is denied.

Plaintiff's Motion for Summary Trial Proceeding (ECF No. 106)

In this motion, plaintiff requests that the undersigned conduct a court trial to determine the amount of damages plaintiff is due. In their opposition to this motion, defendants argue that there is no legal basis for the hearing plaintiff requests. (ECF No. 111.) The undersigned agrees. Because disputes of fact remain, and defendants have requested a jury trial, this action must proceed to trial. Accordingly, plaintiff's motion for a summary trial proceeding is denied.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to allow the declaration of Nurse Pearsal as an exhibit (ECF No. 104) is denied;

2. Plaintiff's motion for witnesses to appear telephonically (ECF No. 105) is denied;

3. Plaintiff's motion for summary trial proceedings (ECF No. 106) is denied;

4. Plaintiff's motion for the written testimony of Nurse Reynolds (ECF No. 107) is denied; and

5. Plaintiff's motion for sanctions (ECF No. 120) is denied.

Dated: October 16, 2014

Cr1344.ord(3)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE