UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER, | No. 2:11-cv-1344 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. HASTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. This action is set for jury trial before the Honorable Troy L. Nunley on September 28, 2015. Pending before the court is plaintiff's October 29, 2014 motion for appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional

circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on grounds that he has mental health problems. Plaintiff alleges that on July 27, 2014 he attempted suicide.  Plaintiff alleges that in September 2014 his depression became overwhelming.  Plaintiff alleges that his mental health treatment care was upgraded to Extended Outpatient Treatment.

The undersigned is sympathetic to plaintiff's mental health problems.  However, the trial in this action is approximately eleven months away.  The present record demonstrates that plaintiff has adequate time to prepare for trial, taking into consideration plaintiff's mental health problems.  The undersigned also observes that plaintiff was able to file several pleadings with the court following his alleged suicide attempt.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 124) is denied without prejudice.

Dated:  November 7, 2014

crav1344.31kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE