UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HASTY, et al.,<br><br>　　　　　Defendants. | No. 2:11-cv-1344 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on February 2, 2011, while housed at High Desert State Prison ("HDSP"), defendants Raynor and Hasty used excessive force in violation of the Eighth Amendment when they sprayed O.C. spray into plaintiff's cell during a cell search. This action is set for jury trial on September 28, 2015, before the Honorable Troy L. Nunley.

On May 11, 2015, plaintiff filed a motion for federal protection. (ECF No. 131.) At that time, plaintiff was housed at California State Prison-Lancaster ("Lancaster"). In this motion, plaintiff alleged that correctional officers told him that he was to be transferred to Pelican Bay State Prison ("PBSP"). The officers allegedly told plaintiff that the "move came from Sacramento, you pissed somebody off." Plaintiff claims that he told the officers that he had a jury trial in Sacramento in September. In response, the officers allegedly said, "There it is...watch your back Craver, they're waiting for you."

On May 27, 2015, plaintiff filed a notice of change of address and status report. (ECF No. 133.) In this pleading, plaintiff states that he is now housed at PBSP. Plaintiff also states that he was sent to PBSP in order to receive the E.O.P mental health level of care. Plaintiff alleges that he was discharged from a PBSP crisis bed on May 18, 2015, and immediately informed prison officials that his life was in danger. After his release from the crisis bed, plaintiff alleges that he was reclassified to the CCCMS level of care, which allowed custody staff to place plaintiff on the "A" yard, which is known as the "war zone." Plaintiff alleges that the psychologist changed his mental health status without examining him.

In the May 27, 2015 pleading, plaintiff goes on to state that he is in fear of an ambush. Plaintiff alleges that because he is back in the general population, "they" can persuade the active gang bang inmates to attack him. Plaintiff alleges that he is now under severe stress. Plaintiff states that he will not let these people kill him. Plaintiff states that he will kill himself before "these people" kill him. Plaintiff states that he will hang himself rather than being housed at PBSP waiting to be attacked.

No defendants are located at PBSP. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith v. Radio Corp. v. Hazeltine Resarch, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone, 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The undersigned is concerned by plaintiff's claim that his mental health classification was changed without review by a psychologist and that he is now housed, allegedly inappropriately, in the general population. The undersigned is also concerned by plaintiff's claim that he will commit suicide before he is attacked. For these reasons, the PBSP Warden is directed to file a

status report addressing plaintiff's mental health classification, whether plaintiff is appropriately housed in the general population, and plaintiff's safety concerns.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days of this date of this order, the Pelican Bay State Warden shall file the status report described above;

2. The Clerk of the Court shall serve this order and plaintiff's May 27, 2105 status report (ECF No. 133) on Supervising Deputy Attorney General Monica Anderson *and* Pelican Bay State Prison Warden, Pelican Bay State Prison, P.O. Box 7500, Crescent City, California, 95532-7500.

Dated: May 29, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cr1344.otd

kc

---

[1] Plaintiff has previously filed motions alleging fears of attack by prison officials. On September 30, 2013, while housed at Lancaster, plaintiff filed a motion for federal protection, alleging that prison officials made threatening comments to him. (ECF No. 74.) Invoking the All Writs Act, the court ordered the Lancaster Warden to file a response to these claims. (ECF No. 76.) On December 30, 2013, the court denied plaintiff's motion for federal protection. (ECF No. 87.)

On June 18, 2014, plaintiff filed another motion for federal protection, alleging that prison officials at Lancaster had placed a "hit" on plaintiff. (ECF No. 108.) Invoking the All Writs Act, the court ordered the Lancaster Warden to file a response to this claim. (ECF No. 109.) On August 22, 2014, the court denied plaintiff's June 18, 2014 motion for federal protection. (ECF No. 119.)