UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER, | No. 2: 11-cv-1344 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. HASTY, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial before the Honorable Troy L. Nunley on September 28, 2015. This action is proceeding to trial on plaintiff's claim that on February 2, 2011, while housed at High Desert State Prison ("HDSP"), defendants Raynor and Hasty used excessive force in violation of the Eighth Amendment when they sprayed O.C. spray into plaintiff's cell during a cell search.

    For the following reasons, the Wardens of Pelican Bay State Prison ("PBSP") and California State Prison-Sacramento ("CSP-Sac") are ordered to file status reports addressing the status of plaintiff's access to his legal property.

    On August 5, 2015, plaintiff filed a notice of change of address stating that on July 31, 2015, he was transferred from PBSP to CSP-Sac. (ECF No. 140.) Plaintiff's notice of change of address also included a motion requesting that PBSP officials be ordered to send plaintiff's legal

1   property to CSP-Sac. (Id.) Apparently, plaintiff arrived at CSP-Sac without his legal property.

2   On August 12, 2015, the undersigned denied plaintiff's August 5, 2015 motion for legal
3   property without prejudice. (ECF No. 142.) In this order, the undersigned stated that when a
4   prisoner is transferred to a different prison, there is often a delay in his receipt of his legal
5   property. (Id.) The undersigned stated that if plaintiff was still without access to his legal
6   property within fourteen days, he could refile his motion. (Id.)

7   On August 19, 2015, plaintiff filed a pleading titled "follow up request" for legal property.
8   (ECF No. 144.) In this motion, plaintiff states that on August 14, 2015, he spoke with defense
9   counsel. (Id.) Defense counsel told plaintiff that she had contacted PBSP officials who knew
10  nothing about his property. (Id.) Plaintiff alleges, in relevant part, that on July 30, 2015, his
11  property was fully inventoried at PBSP and he signed a receipt. (Id.) Plaintiff alleges that on
12  July 31, 2015, he was transferred to CSP-Sac without his property. (Id.) Plaintiff alleges that he
13  was told by California Department of Corrections and Rehabilitations ("CDCR") officials that his
14  property was on the transport bus, but that was not true. (Id.) Plaintiff alleges that his property
15  can be located by looking at the log book. (Id.)

16  No defendants are located at PBSP or CSP-Sac. Usually persons or entities not parties to
17  an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazaletine
18  Research, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not
19  automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651, permits the
20  court to issue writs "necessary or appropriate in aid of their jurisdiction and agreeable to the
21  usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685
22  (9th Cir. 1981); United States v. New York Telephone, 434 U.S. 159 (1977). This section does
23  not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to
24  aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v.
25  Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979.)

26  The undersigned is concerned that this action will not proceed to trial on September 28,
27  2015, because plaintiff has been denied access to his legal property. For this reason, the Wardens
28  at PBSP and CSP-Sac are directed to file status reports addressing the status of plaintiff's access

to his legal property. In their status reports, the Wardens shall address whether plaintiff now has access to his legal property. If plaintiff does not have access to his legal property, the Wardens shall address what steps are being taken to locate the property and estimate when plaintiff's legal property will be delivered to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. The Wardens of PBSP and CSP-Sac shall file the status reports described above on or before September 11, 2015;

2. The Clerk of the Court is directed to serve this order on the Warden of PBSP, Pelican Bay State Prison, P.O. Box 7500, Crescent City, California, 95532-7500;

3. The Clerk of the Court is directed to serve this order on the Warden of CSP-Sac, California State Prison-Sacramento, P.O. Box 290066, Represa, California, 95671-0066;

4. The Clerk of the Court is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson.

Dated: August 28, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cr1344.alw(2)