UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CRAVER,<br><br>            Plaintiff,<br><br>     v.<br><br>J. HASTY, et al.,<br><br>            Defendants. | No.  2:  11-cv-1344 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is set for jury trial before the Honorable Troy L. Nunley on September 28, 2015.  This action is proceeding to trial on plaintiff's claim that on February 2, 2011, while housed at High Desert State Prison ("HDSP"), defendants Raynor and Hasty used excessive force in violation of the Eighth Amendment when they sprayed O.C. spray into plaintiff's cell during a cell search.

Pending before the court is plaintiff's August 24, 2015 motion for injunctive relief.  (ECF No. 145.)  For the following reasons, the undersigned recommends that this motion be denied.

In the pending motion, plaintiff alleges that he is now housed at California State Prison-Sacramento ("CSP-Sac.")  Plaintiff requests that the court order CSP-Sac officials to assign him permanent single cell status.  Plaintiff alleges that on August 19, 2015, CSP-Sac officials threatened to remove plaintiff's single cell status.  Plaintiff alleges that he requires single cell

1  status because of his own propensity for violence against cellmates.  Plaintiff alleges that he will
2  kill or attempt to kill any man they place in his cell.

3  The purpose of a preliminary injunction or temporary restraining order is to preserve the
4  status quo if the balance of equities so heavily favors the moving party that justice requires the
5  court to intervene to secure the positions until the merits of the action are ultimately determined.
6  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is an
7  "extraordinary and drastic remedy" that is "never awarded as of right."  Munaf v. Geren, 553 U.S.
8  674, 689–90 (2008) (citations omitted).  Instead, in every case, the court "must balance the
9  competing claims of injury and must consider the effect on each party of the granting or
10  withholding of the requested relief."  Winter v. Natural Resources Defense Council, Inc., 555
11  U.S. 7, 23 (2008) (internal quotation marks and citation omitted).  The instant motion requires
12  that the court determine whether plaintiff has established the following:  (1) he is likely to
13  succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary
14  relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.
15  Id. at 20 (citations omitted).

16  A claim for injunctive relief must relate to the subject matter of the action.  See, e.g.,
17  Little v. Jones, 607 F.3d 1245, 1250–51 (10th Cir. 2010); Colvin v. Caruso, 605 F.3d 282, 299–
18  300 (6th Cir. 2010); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  Plaintiff's request
19  for an order directing that he receive permanent single cell status is unrelated to the merits of this
20  action.  For this reason, plaintiff's motion for injunctive relief should be denied.[1]  However, due
21  to the serious nature of plaintiff's allegations, the undersigned will direct that plaintiff's pending
22  motion be served on Supervising Deputy Attorney General Monica Anderson.

23  Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a
24  copy of this order and plaintiff's August 24, 2015 motion for injunctive relief (ECF No. 145) on
25  Supervising Deputy Attorney General Monica Anderson; and
26  ////

---

27
28  [1]  The undersigned has also determined that invocation of the All Writs Act is not appropriate. See 28 U.S.C. § 1651.

2

Case 2:11-cv-01344-SMM   Document 150   Filed 08/28/15   Page 3 of 3

    IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 145) be denied.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2015

                                                         */s/ Kendall J. Newman*  
                                                         KENDALL J. NEWMAN  
                                                         UNITED STATES MAGISTRATE JUDGE

Cr1344.alw(3)