# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andre Craver,<br><br>          Plaintiff,<br><br>v.<br><br>J. Hasty, et al.,<br><br>          Defendants. | No. CV 2:11-1344-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Order the Defendants to Notify CDCR that $200.00 of the $3,500 Settlement is Free of Any Restitution Obligation Because $200.00 is Property Re-Imbursement P.C. § 2085.5 CCR Title 15. (Doc. 164.) This motion was filed after the parties notified the Court that they had reached a settlement agreement, so no stipulation for dismissal was filed. The Court ordered Defendants to respond (Doc. 166), which they did (Doc. 167).

In his motion, Plaintiff states that the parties reached a settlement agreement for $3,500. (Doc. 164.) Plaintiff argues that pursuant to Cal. Penal Code § 2085.5 and Cal. Code Regs. tit. 15 Title 15, "$195.90 or there about" should be reimbursed to him for repayment of property damage, free and clear of any restitution obligations. (Id.) In their response, Defendants "acknowledge that Plaintiff raised the issue of compensation for lost property during settlement discussions," but that he did not specifically modify the terms to reflect such reimbursement when signing the settlement agreement. (Doc. 167.) In an effort to amicably settle all disputes related to Plaintiff's complaint, Defendants

"will agree to write a separate check for $195.30,[1] with instructions that this amount is exempted from restitution."

Cal. Penal Code § 2085.5(n) provides that "[c]ompensatory or punitive damages awarded by trial or settlement to any inmate. . . in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly. . . to satisfy any outstanding restitution orders or restitution fines against that person." Additionally, Cal. Code Reg. tit. 15, § 3097(j) (2015) provides an exemption to this general rule, stating that "any reimbursement to an inmate as a result of a claim for lost or damaged property. . . are exempt from deductions for fines and direct orders of restitution."

Finding that the amount requested by Plaintiff accurately reflects reimbursement for damaged personal property, and that Defendants are in agreement, the Court will grant Plaintiff's motion.

Accordingly, for the forgoing reasons,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion to Order the Defendants to Notify CDCR that $200.00 of the $3,500 Settlement is Free of Any Restitution Obligation Because $200.00 is Property Re-Imbursement P.C. § 2085.5 CCR Title 15. (Doc. 164.) Defendants are ordered to allocate $195.30 from the settlement award to Plaintiff for the reimbursement of his damaged personal property.

**IT IS FURTHER ORDERED** that, upon the satisfaction of this Order, the parties have until **Friday, February 26, 2016** to file a stipulation for dismissal of this action. In the event that no such stipulation is filed, the Court will proceed with the final pretrial conference on **March 21, 2016** and trial on **March 22, 2016**. The final pretrial

///

///

///

---

[1] In his Complaint, Plaintiff sought "monetary compensation for damages including $3.80 for dial soap, $3.80 for headphones loss, $5.70 for herbal essence shampoo, and $182.00 for prescription glasses" totaling $195.30. (Doc. 1-B.)

1 conference and trial will be vacated upon the parties filing an appropriate stipulation for
2 dismissal.
3     Dated this 1st day of February, 2016.

_____
Honorable Stephen M. McNamee
Senior United States District Judge